**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FRANCISCO MADRID-MANZO,                          :

     Petitioner,                                   :
                                  CIVIL ACTION NO. 17-0037-CG-MU
                                  :
vs.                                              :   CRIMINAL NO. 15-00006-CG-MU
                                  :

UNITED STATES OF AMERICA,                        :

     Respondent.                                   :

AND

FRANCISCO MADRID-MANZO,                          :

     Petitioner,                                   :
                                    CIVIL ACTION NO. 17-0039-CG-MU
                                  :
vs.                                              :   CRIMINAL NO. 15-00278-CG-MU
                                  :

UNITED STATES OF AMERICA,                        :

     Respondent.                                   :

**REPORT AND RECOMMENDATION**

These causes are before the Court on identical motions to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, filed on or about December 22, 2016 (*compare* Doc. 65 in Criminal No. 15-00006-CG, at 12 (reflecting Madrid-Manzo's verification that he placed the motion in the prison mailing system on December 22, 2016) *with* Doc. 32 in Criminal No. 15-00278-CG, at 12 (same)), and the government's response in opposition filed in Criminal No. 15-00278-CG (*see* Doc. 35).[1] These actions

---

[1]    Petitioner conclusorily alleges that his attorney "failed to consult regarding appeal." (Doc. 32 in Criminal No. 15-00278-CG, at 3 & 5 and Doc. 65 in Criminal No. 15-00006-
(Continued)

have been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in both files, it is recommended that Madrid-Manzo's conclusory and frivolous § 2255 motions be denied without an evidentiary hearing. *Compare, e.g., Rosin v. United States,* 786 F.3d 873, 878 (11th Cir.) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence."), *cert. denied,* 136 S.Ct. 429, 193 L.Ed.2d 320 (2015) and *United States v. Bejacmar*, 217 Fed.Appx. 919, 921 (11th Cir. Feb. 15, 2007) ("[I]f the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous, a district court is not required to hold an evidentiary hearing.")[2] *with Means v. Secretary, Dep't of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12,

---

CG, at 3 & 5; *see also id.* at 4 in Doc. 32 & Doc. 65 ("Ineffective assistance of Counsel for failing to consult that an appeal be taken.")). The government filed a response in opposition only in Criminal No. 15-00278-CG (*see* Doc. 35) because the record in Criminal No. 15-00006-CG reflects that counsel pursued an appeal on Madrid-Manzo's behalf (*see* Criminal No. 15-00006-CG, at Docs. 48, 63 & 64 (written notice of appeal; Eleventh Circuit's opinion affirming sentence; and issuance of mandate)). In order to put Petitioner's conclusory claim in proper context, however, it is necessary to set forth how the charge against Madrid-Manzo in Criminal No. 15-00278-CG spawned from Criminal No. 15-00006-CG and the history of the former case. And, ultimately, the undersigned reaches the "merits" of the motion to vacate filed in Criminal No. 15-00006-CG because the "background" information contained in the identical motions to vacate reference only Petitioner's gun possession case, Criminal No. 15-00006-CG.

[2]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) and *Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

## **BACKGROUND**

On March 19, 2015, Madrid-Manzo entered a counseled guilty plea to the offense of being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5),[3] as charged in the sole count of the Indictment in Criminal No. 15-00006-CG (*compare* Doc. 27 *with* Doc. 7). Thereafter, Petitioner was released from custody, on conditions, pending his sentencing. (*See* Criminal No. 15-00006-CG, at Doc. 32; *compare id. with* Docs. 28-31.) Sentencing was scheduled for June 17, 2015 (*see* Docket Sheet Entry for June 9, 2015), and when Madrid-Manzo failed to appear for sentencing on June 17, 2015, a warrant was issued for his arrest (Doc. 41; *see also* Doc. 42 (endorsed order denying motion to postpone sentencing)). Madrid-Manzo was arrested in California on October 26, 2015 (*see* Doc. 44), transferred to this Court (*see* Doc. 43), and sentenced

---

[3]    18 U.S.C. § 922(g)(5) provides, in relevant part, that "[i]t shall be unlawful for any person . . . who, being an alien . . . illegally or unlawfully in the United States[,] . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce" *Id.*

on November 17, 2015, to a 37-month term of imprisonment (Doc. 52; *see also* Doc. 54 (court's written judgment)). Counsel for Madrid-Manzo filed written notice of appeal on November 17, 2015 (Doc. 48).

Before a panel of the Eleventh Circuit Court of Appeals issued its June 8, 2016 unpublished *per curiam* opinion affirming the district court's 37-month sentence (*see* Doc. 63), Madrid-Manzo was indicted for knowingly and willfully failing to appear as required at his June 17, 2015 sentencing in his gun possession case (Criminal No. 15-00006-CG), in violation of 18 U.S.C. § 3146(a)(1)[4] (*see* Criminal No. 15-00278-CG, at Doc. 1). Petitioner entered a counseled guilty plea to the sole count of the indictment on March 23, 2016 (*see id.,* Doc. 22). The day before the plea, on March 22, 2016, Madrid-Manzo executed a plea agreement (*id.* at Doc. 21, 9-10 ("I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.")) containing the following provision: "If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a 'Notice of Non-Appeal' following sentencing, signed by the defendant." (*Id.*

---

[4] "Whoever, having been released under this chapter knowingly [] fails to appear before a court as required by the conditions of release . . . shall be punished as provided in subsection (b) of this section." 18 U.S.C. § 3146(a)(1).

at ¶ 26.) And though counsel for the Petitioner specifically urged the Court to sentence his client to probation in light of the 37-month sentence he received in Criminal No. 15-00006-CG (*see* Criminal No. 15-00278-CG, at Doc. 24; *see also id.* at Doc. 28 ("The low end of the guidelines in this case is eight months. The Defendant requests a probationary sentence in light of his sentence in Case No. 15-00006-CG, and failing that, a sentencing at the low end of the guidelines.")), on June 21, 2016 the Court entered a low-end guidelines sentence of eight (8) months to run consecutive to the 37-month sentence in Criminal No. 15-00006-CG (*compare id.,* Docket Sheet Entry for June 21, 2016 *with* Doc. 30 (written judgment entered by the court)). Following the sentencing hearing on June 21, 2016, Madrid-Manzo and his attorney executed and filed a Notice of No Appeal. (*See id.* at Doc. 29 (filed at 3:04 p.m.); *compare id. with id.* at Docket Sheet Entry for June 21, 2016 (reflecting that entry was made on the docket at 1:28 p.m.)). The portion of the Notice of No Appeal signed and attested to by Madrid-Manzo reads as follows: "I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. ***I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal.*** I have had sufficient time to consider my options and require no further explanation. After consideration, it is my desire to inform the Court that I do not wish to take an appeal." (*Id.* at Doc. 29 (emphasis supplied)). In addition, the portion of that notice signed by defense counsel, Christopher Knight, reads as follows: "***I affirm that, as counsel for Defendant, I have fully advised my client of the advantages and disadvantages of an appeal, given the facts and circumstances of this case, its procedural history, and the sentence imposed.*** I have had sufficient time to consult with my client to

determine whether my client's decision is knowing and voluntary. It is my opinion that

my client's decision to take no appeal is both knowing and voluntary." (*Id.* (emphasis

supplied)).

Approximately two weeks prior to Petitioner's decision not to appeal his 8-month

consecutive sentence in Criminal No. 15-00278-CG, that is, on June 8, 2016, a panel of

the Eleventh Circuit Court of Appeals affirmed Madrid-Manzo's 37-month sentence in

Criminal No. 15-00006-CG. (*See* Criminal No. 15-00006-CG, Doc. 63.)

> On appeal, Madrid-Manzo argues that his sentence was greater
> than necessary to comply with the purposes set forth in 18 U.S.C. §
> 3553(a), and that a sentence in the range of 15-21 months would have
> been more reasonable. He also contends that he readily admitted his guilt,
> and, therefore, should have received a shorter sentence. Finally, he avers
> that the district court placed too much emphasis on his failure to present
> himself in a timely manner for his first sentencing hearing.

> These arguments do not persuade us that the district court abused
> its discretion. In the proceedings below, the court explained the § 3553(a)
> factors it relied on when imposing the sentence, describing how those
> factors supported the sentence it selected. The court stated that it took
> into account Madrid-Manzo's arguments, his apology, his lengthy criminal
> history, the circumstances of his arrest, his likelihood of reoffending, the
> seriousness of his offense, and the objectives of punishment, deterrence,
> and incapacitation. These are proper considerations under § 3553(a). *See*
> *Gall,* 552 U.S. at 50, 128 S.Ct. at 597; *Gonzalez,* 550 F.3d at 1324. The
> court was free to consider any information relevant to Madrid-Manzo's
> character and conduct, including his failure to appear at his first
> sentencing hearing. And it was within the court's discretion to give that
> factor more weight than others. *See United States v. Clay,* 483 F.3d 739,
> 743 (11th Cir. 2007) (noting that the weight given to any § 3553(a) factor
> is "committed to the sound discretion of the district court" (internal
> quotation mark omitted)).

> Moreover, the record reflects that the district court emphasized
> other, additional factors during sentencing, including Madrid-Manzo's
> lengthy criminal history and his risk of reoffending, which are also factors
> properly within the district court's discretion to consider and weigh. Hence,
> the district court here concluded that a 37-month sentence was
> appropriate based on its weighing the relevant § 3553(a) factors, and we

6

will not reweigh those factors in the absence of clear error. *See id.* Finally, the sentence the court chose to impose was within the applicable advisory guideline range of 30-37 months and well below the statutory maximum of 10 years, which are both strong indicia of the sentence's reasonableness. *See United States v. Alvarado,* 808 F.3d 474, 496 (11th Cir. 2015); *Gonzalez,* 550 F.3d at 1324.

For these reasons, Madrid-Manzo has not persuaded us that his 37-month sentence is unreasonable, and we affirm the district court.

(*Id.* at 3-5.)

As noted, Petitioner filed identical motions to vacate in both of his criminal cases on December 22, 2016. (*Compare* Doc. 65 in Criminal No. 15-00006-CG *with* Doc. 32 in Criminal No. 15-00278-CG.) Again, the form motions contain conclusorily allegations that Madrid-Manzo's attorney "failed to consult regarding appeal[]" (Doc. 32 in Criminal No. 15-00278-CG, at 3 & 5 and Doc. 65 in Criminal No. 15-00006-CG, at 3 & 5; *see also id.* at 4 in Doc. 32 & Doc. 65 ("Ineffective assistance of Counsel for failing to consult that an appeal be taken.")), and the identical briefs offer no further explication of the specifics of Petitioner's conclusory allegation, only conclusory statements of legal principles and his claim (*compare* Doc. 33 in Criminal No. 15-00278-CG, at 5-6, 6, 8 & 9 ("In this case, Counsel of record never consulted with the petitioner about his direct appeal. Petitioner contends that he was prejudiced by his Counsel's action. This was ineffective assistance of Counsel, the complete denial of his Counsel during a critical stage of a judicial proceeding—which includes appeal—mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable. . . . In this case, the records of proceedings will show[,] along with the

petitioner's statement of facts,[5] that his Counsel of record provided deficient

performance when he failed to consult with the petitioner about an appeal. Had the

petitioner known, he would have timely filed an appeal. . . . That Counsel was

objectively unreasonable in failing to file a merits brief addressing a non-frivolous issue

and that there is a reasonable probability that but for his Counsel's unreasonable failure

he would have prevailed on his appeal. . . . The records of proceeding will show this

Court that petitioner's Counsel of record failed him. Petitioner contends that his

Counsel's unprofessional performance prejudiced his defense. Petitioner has met both

prongs under the Strickland test.") *with* Doc. 66 in Criminal No. 15-00006-CG, at 5-6, 6,

8 & 9 (same)). The government filed its response to Madrid-Manzo's § 2255 motion to

vacate in Criminal No. 15-00278-CG (*see id.* at Doc. 35), because an appeal of the 37-

month sentence in Criminal No. 15-00006-CG was perfected.

## CONCLUSIONS OF LAW

A.    **Ineffective Assistance of Counsel**.  In his identical motions to vacate,

Petitioner contends that his attorney provided ineffective assistance in failing to consult

with him regarding an appeal. And although the government has only responded in

Criminal No. 15-00278-CG, given that an appeal was taken in Criminal No. 15-00006-

CG, the background information cited by Madrid-Manzo in his motions to vacate

focuses solely on his gun possession charge and sentence, Criminal No. 15-00006-CG,

begging the question of which sentence the Petitioner is really trying to challenge. In

---

5    Those statement of facts relate solely to Petitioner's conviction in Criminal No. 15-00006-CG. (*Compare* Doc. 33 in Criminal No. 15-00278-CG, at 2-4 *with* Doc. 66 in Criminal No. 15-00006-CG, at 2-4.)

order to establish a claim of ineffective assistance of counsel, of course, a petitioner is

required to show (1) that his attorney's representation fell below "an objective standard

of reasonableness" and (2) that a reasonable probability exists that but for counsel's

unprofessional conduct, the result of the proceeding would have been different.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

(1984); *see also Jones v. United States,* 478 Fed.Appx. 536, 539-540 (11th Cir. Sept.

23, 2011) ("To make a successful claim of ineffective assistance of counsel, a

defendant must show that: (1) his counsel's performance was deficient; and (2) the

deficient performance prejudiced his defense.").

In *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145
L.Ed.2d 985 (2000), the Supreme Court held that *Strickland v.
Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
applies to determine whether counsel was ineffective for failing to file a
notice of appeal. *Flores-Ortega,* 528 U.S. at 477, 120 S.Ct. at 1034. Under
*Strickland,* a movant demonstrates ineffective assistance of counsel by
showing "(1) that counsel's representation fell below an objective standard
of reasonableness, and (2) that counsel's deficient performance
prejudiced the defendant." *Flores-Ortega,* 528 U.S. at 476-77, 120 S.Ct. at
1034 (quotation and citations omitted).

With respect to the first prong of *Strickland,* whether counsel's
representation fell below an objective standard of reasonableness, the
Supreme Court reaffirmed that "an attorney who fails to file an appeal on
behalf of a client who specifically requests it acts in a professionally
unreasonable manner per se." *Gomez-Diaz v. United States,* 433 F.3d
788, 791-92 (11th Cir. 2005) (citing *Flores-Ortega,* 528 U.S. at 477, 120
S.Ct. at 1035). Moreover, even if the client does not directly request an
appeal, counsel generally has a duty to consult with him about an appeal.
*See Flores-Ortega,* 528 U.S. at 480-81, 120 S.Ct. at 1036-37 (expecting
that courts "will find, in the vast majority of cases, that counsel had a duty
to consult with the defendant about an appeal").

. . . "[W]here a defendant has not specifically instructed his attorney
to file an appeal, we must still determine 'whether counsel in fact
consulted with the defendant about an appeal.'" *Thompson,* 504 F.3d at
1206 (quoting *Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035). The

9

> Supreme Court held that "counsel has a constitutionally imposed duty to
> consult with the defendant about an appeal when there is reason to think
> either (1) that a rational defendant would want to appeal (for example,
> because there are nonfrivolous grounds for appeal), or (2) that this
> particular defendant reasonably demonstrated to counsel that he was
> interested in appealing." *Flores-Ortega,* 528 U.S. at 480, 120 S.Ct. at
> 1036. The Supreme Court defined the term "consult" specifically to mean
> "advising the defendant about the advantages and disadvantages of
> taking an appeal, *and* making a reasonable effort to discover the
> defendant's wishes." *Id.* at 478, 120 S.Ct. at 1035.

*Devine v. United States,* 520 F.3d 1286, 1287-88 & 1288 (11th Cir. 2008). Moreover,

"[i]n order to establish that he was prejudiced by counsel's failure to file an appeal, [the

petitioner] must show that 'there is a reasonable probability that but for counsel's

deficient failure to consult with him about an appeal, he would have timely appealed.'"

*Thompson v. United States,* 504 F.3d 1203, 1207 (11th Cir. 2007), quoting *Flores-*

*Ortega*, 528 U.S. at 484, 120 S.Ct. 1029.

 With these principles in mind, the undersigned turns to the conclusory allegation

in Petitioner's identical motions to vacate that counsel failed to consult with him

regarding an appeal. Again, the government did not file an affirmative response in

Petitioner's gun possession case, Criminal No. 15-00006-CG, inasmuch as the record in

that case clearly shows that an appeal of Madrid-Manzo's 37-month sentence was filed

and resulted in a five-page unpublished per curiam affirmance by a panel of the

Eleventh Circuit Court of Appeals. However, based upon the "background" information

contained in the identical motions to vacate, it appears to the undersigned that Madrid-

Manzo's primary "concern" was with that 37-month sentence when he filed the motions

to vacate.[6] Therefore, the undersigned simply finds that Madrid-Manzo has failed to establish either *Strickland* prong with respect to his claim in his gun possession case, Criminal No. 15-00006-CG, because counsel in the gun possession case not only immediately filed notice of appeal but, as well, pursued that appeal in the Eleventh Circuit by challenging the reasonableness of Madrid-Manzo's 37-month sentence. In other words, Petitioner's suggestion that his attorney failed to consult with him regarding appeal of his 37-month gun possession sentence is affirmatively contradicted by the record evidence of an appeal and, therefore, it is a meritless and frivolous claim.

Turning to the claim that counsel failed to consult regarding an appeal of the low-end guideline sentence of 8 months he received upon pleading guilty to failing to appear at sentencing, in violation of 18 U.S.C. § 3146, in Criminal No. 15-00278-CG, the undersigned recommends that the Court likewise find that Madrid-Manzo cannot satisfy either *Strickland* prong.[7] On March 22, 2016, Petitioner executed a plea agreement in which he agreed that if he received a sentence within or below the advisory guideline range, the plea agreement would serve as his "express directive to defense counsel to timely file a 'Notice of Non-Appeal' following sentencing," signed by him. (Criminal No.

---

[6]   The Petitioner filed no reply to the government's response in opposition, though extended that opportunity. (*Compare* Doc. 67 in Criminal No. 15-00006-CG and Doc. 34 in Criminal No. 15-00278-CG *with* Docket Sheets (no replies filed by Madrid-Manzo by April 20, 2017))

[7]   As correctly observed by the government in its response in opposition, Madrid-Manzo does not argue that his attorney failed to file a notice of appeal after he specifically requested that an appeal be filed, *see Gomez-Diaz v. United States,* 433 F.3d 788, 791-92 (11th Cir. 2005) ("[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se."), only that counsel failed to consult with him about his appeal rights. (*See* Criminal No. 15-00278-CG, Doc. 35, at 2.)

15-00278-CG, Doc. 21, at ¶ 26.) Consistent with this agreement, on June 21, 2016,

after being sentenced to a low-end guidelines sentence of 8 months, Madrid-Manzo

signed a Notice of No Appeal in which he affirmed that he had been advised of his right

to appeal, had consulted with his attorney about the advantages and disadvantages of

taking an appeal, had been given sufficient time to consider his appeal options, and had

determined that he did "not wish to take an appeal." (*Id.* at Doc. 29.) Petitioner's

execution of these two documents, and his failure to rebut their contents in his § 2255

motion in Criminal No. 15-00278-CG (again he filed no reply to the government's

response in opposition), effectively eviscerates his claim of ineffective assistance of

counsel predicated on counsel's failure to consult regarding an appeal. *Cf. United*

*States v. Chestang,* 2014 WL 232264, *5 (S.D. Ala. Jan. 22, 2014). Therefore, the

undersigned agrees with Judge Steele's ultimate conclusion in *Chestang* that "petitioner

has shown neither that it was constitutionally deficient performance for his lawyer to

honor [his] specific, informed, written, **post-consultation**[8] wishes not to pursue an

appeal (as specified in the Notice of No[] Appeal), nor that he was prejudiced by his

attorney's actions (*i.e.,* that [he] actually would have appealed but for his lawyer's

omissions)." *Id.* (emphasis supplied; footnote added); *see Logan v. United States,* 2007

WL 2220510, *3 (S.D. Tex. Jul. 27, 2007) (finding no prejudice based upon Petitioner's

filing of a Notice of Non-Appeal, which clearly indicated his desire not to appeal the

court's judgment); *Urbina-Espinoza v. United States,* 2006 WL 2981189, *1 (S.D. Tex.

---

[8]      In other words, the record in this case, Criminal No. 15-00278-CG, clearly
reflects that Madrid-Manzo's attorney did consult with him about his appeal options, in the same
manner as occurred in Criminal No. 15-00006-CG, where an appeal was pursued.

Oct. 12, 2006) (finding claim regarding counsel's alleged failure to file an appeal upon request meritless where the record contained a notice of non-appeal filed by Petitioner, which "expressly reflect[ed his] decision to forgo a direct appeal, and confirm[ed] that he made that decision after discussing the matter with his attorney."); *Cezares-Sanchez v. United States,* 2006 WL 2238546, *2 (S.D. Tex. Aug. 2, 2006) (finding no prejudice based upon Petitioner's filing of a Notice of Non-Appeal, which clearly indicated his desire not to appeal the court's judgment and confirmed that his decision was an informed one).[9]

In light of the foregoing, Petitioner is not entitled to habeas corpus relief in either Criminal No. 15-00006-CG or Criminal No. 15-00278-CG.

**B.    Certificate of Appealability.**    Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in these combined cases be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition(s) only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made

---

[9]        The undersigned would simply emphasize that with respect to Petitioner's claim of failure to consult regarding appeal in Criminal No. 15-00278-CG, Madrid-Manzo is not entitled to an evidentiary hearing because the Notice of No Appeal bearing his signature "(and his failure to rebut or disavow such Notice) establishes that his allegation of wanting to file a notice of appeal is affirmatively contradicted by the record, and that his accompanying ineffective assistance claim is frivolous." *Chestang, supra,* at *5 n.10.

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, the merits of the underlying constitutional claim have been addressed, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]"*Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483–484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). It is recommended that the Court find that reasonable jurists could not debate whether Madrid-Manzo's § 2255 habeas petitions should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and

recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Francisco Madrid-Manzo's motions to vacate, filed in Criminal No. 15-00006-CG (Doc. 65) and Criminal No. 15-00278-CG (Doc. 32), be denied for the reasons set forth hereinabove. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period

for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

  **DONE** this the 23rd day of May, 2017.

        s/P. BRADLEY MURRAY
        **UNITED STATES MAGISTRATE JUDGE**